Parker, C. J.
[After stating the action and the facts agreed by the parties.] The defendant claims an exemption from taxation, because he is an ordained minister of the gospel, under the fourth section of the statute of 1811, c. 6, which provides, “ that all ministers, ordained agreeably to the usages of the sect or denomination to which they severally belong, whether over corporate or unincorporate society or societies within this Commonwealth, shall have the same exemptions from taxation, as are given to stated, ordained ministers of the gospel in the town, district, parish, or plantation, where they are settled, subject, however, to the same restrictions and penalties.”
By the general tax act, rninisters of the gospel shall not be assessed for their polls, or their estates under their personal management, in the towns, districts, or parishes where they are settled.
The act, upon which the plaintiff relies, had, for its object, the granting of the same indulgence to ministers ordained over societies not incorporated, which was before enjoyed by ministers of incorporated societies ; and this seems to be its only object.
It is equally necessary, under both acts, that a minister, claiming this exemption, should be a settled minister, that is, that he should be ordained over some particular society, either incorp.orated or unincorporated, who shall be entitled to bis services, and obligated to him for his support in some form or other. The plaintiff in [*339] this action was not so ordained, * but was merely authorized to preach, whenever he should see fit, having no fixed place or society over which he could be considered to be settled, and not being bound to perform the duties of a minister anywhere. The first section of the statute of 1811 clearly shows the intention of the legislature to have been to put ministers of unincorporated and incorporated societies upon the same footing ; for it would be absurd to suppose the right of receiving taxes to be given to a minister who had no place of settlement.
It is impossible to consider the plaintiff entitled to a privilege which is given as much for the benefit of those societies who incur the charge of a settled minister as for the benefit of the minister himself, as this exemption necessarily enters into the computation of the sum which may be fixed as a compensation to the minister.
A minister, ordained at large, but afterwards becoming settled over a particular society unincorporated, would come within the words and meaning of the statute. But, without such settlement, it is clear he was not intended to be privileged by the legislature in this way.

Plaintiff nonsuit.