(CONSTITUTIONAL LAW.)

## M'MILLAN v. M'NEILL.

A State bankrupt or insolvent law, (which not only liberates the person of the debtor, but discharges him from all liability for the debt,) so far as it attempts to discharge the contract, is repugnant to the constitution of the United States; and it makes no difference in the application of this principle, whether the law was passed *before* or *after* the debt was contracted.

A discharge under a foreign bankrupt law is no bar to an action, in the Courts of this country, on a contract made here.

ERROR to the District Court of Louisiana.

This was a suit brought by M'Neill, the plaintiff below, against M'Millan, the defendant below, to recover a sum of money paid for the defendant's use, under the following circumstances: M'Millan, residing in Charleston, South Carolina, transacting business there as a partner of the house of trade of Sloane & M'Millan, of Liverpool, on the 8th of October and 9th of November, 1811, imported foreign merchandise, on which he gave bonds at the custom house, with M'Neill and one Walton, as sureties. These bonds were payable the 8th of April, and 9th of May, 1812, and were paid, after suit and judgment, by M'Neill, on the 23d of August and 23d of September, 1813. Some time afterwards, M'Millan removed to New-Orleans; where, on the 23d of August, 1815, the District Court of the first district of the State of Louisiana, having previously taken into

M'Millan
v.
M'Neill.

consideration his petition, under a law of the State of Louisiana, passed in 1808, praying for the benefit of the *cessio bonorum*, and a full and entire release and discharge, as well in his person as property, from all debts, dues, claims, and obligations, then existing, due, or owing by him, the said M'Millan, and it having appeared fully and satisfactorily, that the requisite proportion of his creditors, as well in number as amount, had accepted the cession of his goods, and had granted a full and entire discharge, as well with respect to his person as to his future effects, it was then and there ordered, adjudged, and decreed, by the said Court, that the proceedings be homologated and confirmed, and that the said M'Millan be acquitted, released, and discharged, as well his person as his future effects, from the payment of any and all debts, dues, and demands, of whatever nature, due and owing by him previous to the day of the date of the commencement of said proceedings, to wit, previous to the 12th day of August, 1815. The house of trade of Sloane & M'Millan, of Liverpool, having failed, a commission of bankruptcy issued against both the partners in England, on the 28th of September, 1812, and on the 28th of November, 1812, they both obtained certificates of discharge, signed by the commissioners, and sanctioned by the requisite proportion of creditors in number and value, and confirmed by the Lord Chancellor of Great Britain, according to the bankrupt laws of England. On the 1st of July, 1817, the present suit was instituted by M'Neill, describing himself as a citizen of South Carolina, against M'Millan, described as a citizen of Louisiana,

in the District Court of the United States for the district of Louisiana, (having Circuit Court powers,) to recover the sum of 700 dollars, which M'Neill had paid, under the judgments on the custom house bonds, in South Carolina.   To this suit M'Millan pleaded in bar his certificates, under the Louisiana and English bankrupt laws; to which plea the plaintiff below demurred, the defendant joined in demurrer, and the court gave judgment for the plaintiff; from which judgment the cause was brought, by writ of error, to this Court.

This cause was argued by Mr. *C. J. Ingersoll,* for the plaintiff in error, no counsel appearing for the defendant in error.  He contended, 1. That this case was distinguishable from the preceding case of Sturges v. Crowninshield, because the State law, under which the insolvent obtained his discharge, was passed long *before* the contract was made, and, therefore, it could not be said to impair the obligation of a contract not then in existence.   2. That although the contract was made in South Carolina, between parties who were at the time citizens of the State, yet the debtor having removed to Louisiana, and become a resident citizen of that State, and the creditor pursuing him thither, the local Court had authority, under the local laws, to grant him a discharge, which might be effectual within the limits of the State, even if it had no extra-territorial operation.   The discharge, being effectual in the Courts of the State where it was obtained, would, of course, be equally effectual in the Courts of the United States, sitting

1819.

M'Millan
v.
M'Neill.

in that State, the laws of the State being made by the Judiciary Act of 1789, c. 20. s. 34., rules of decision in the Courts of the United States, in cases where they apply. 3. That the certificate of discharge under the English bankrupt laws, was a good plea in bar to the action.[a]

Mr. Chief Justice MARSHALL delivered the opinion of the Court, that this case was not distinguishable in principle from the preceding case of Sturges v. Crowninshield. That the circumstance of the State law, under which the debt was attempted to be discharged, having been passed before the debt was contracted, made no difference in the application of

[a] He cited *Rutherf. Inst. b.* 2. *c.* 5. *s.* 3. *c.* 9. *s.* 6. *Huber. Prælec. l.* 1. *tit.* 3. Greenough v. Amory, 3 *Dall.* 370. *note.* James v. Allen, 1 *Dall.* 188. Miller v. Hall, *Ib.* 229. Thompson v. Young, *Ib.* 294. Gorgerat v. M'Carty, *Ib.* 366. Donaldson v. Chambers, 2 *Dall.* 100. Harris v. Mandeville, *Ib.* 256. Emory v. Greenough, 3 *Dall.* 369. Smith v. Brown, 3 *Binney,* 201. Boggs v. Zeacle, 5 *Binney,* 332. Hilliard v. Greenleaf, 5 *Binney,* 336. *note.* Van Raugh v. Van Arsdale, 3 *Caines' Rep.* 154. Smith v. Smith, 2 *Johns. Rep.* 235. Penniman v. Meigs, 9 *Johns. Rep.* 325. Hicks v. Brown, 12 *Johns. Rep.* 142. Hamersley v. Lambert, 2 *Johns. Ch. Rep.* 511. Blanchard v. Russell, 13 *Mass. Rep.* 1. Bradford v. Farrand, *Ib.* 18. Walsh v. Farrand, *Ib.* 19. Baker v. Wheaton, 5 *Mass. Rep.* 509. Babcock v. Weston, 1 *Gallis. Rep.* 168. Van Reimsdyk v. Kane, *Ib.* 371. Golden v. Prince, 5 *Hall's Law Jour.* 502. Adams v. Story, 6 *Hall's Law Jour.* 474. Farm. & Mech. Bank v. Smith, *Ib.* 547. Burrows v Jemimo, 2 *Stra.* 933. Ballantine v. Golding, *Co. Bankr. Law,* 347. *Coop. Bankr. Law,* 362. Smith v. Buchanan, 1 *East's Rep.* 6. Potter v. Brown, 5 *East's Rep.* 124. Terasson's case, *Coop. Bankr. Law, Appen.* 30.

the principle.   And that as to the certificate under the English bankrupt laws, it had frequently been determined, and was well settled, that a discharge under a foreign law, was no bar to an action on a contract made in this country.