17 U.S. 209
 4 L.Ed. 552
 4 Wheat. 209
 M'MILLAN
v.
M'NEILL.
 February 18, 1819
 
 1
 ERROR to the District Court of Louisiana. This was a suit brought by McNeil, the plaintiff below, against McMillan, the defendant below, to recover a sum of money paid for the defendant's use, under the following circumstances: McMillan, residing in Charleston, South Carolina, transacting business there as a partner of the house of trade of Sloane & McMillan, of Liverpool, on the 8th of October and 9th of November 1811, imported foreign merchandise, on which he gave bonds at the custom-house, with McNeill and one Walton, as sureties. These bonds were payable the 8th of April and 9th of May 1812, and were paid, after suit and judgment, by McNeill, on the 23d of August and 23d of September 1813. Some time afterwards, McMillan removed to New Orleans; where, on the 23d of August 1815, the district court of the first district of the state of Louisiana, having previously taken into consideration his petition, under a law of the state of Louisiana, passed in 1808, praying for the benefit of the cessio bonorum, and a full and entire release and discharge, as well in his person as property, from all debts, dues, claims and obligations, then existing, due or owing by him, the said McMillan, and it having appeared fully and satisfactorily, that the requisite proportion of his creditors, as well in number as amount, had accepted the cession of his goods, and had granted a full entire discharge, as well with respect to his person as to his future effects, it was then and there ordered, adjudged and decreed by the said court, that the proceedings be homologated and confirmed, and that the said McMillan be acquitted, released and discharged, as well his person as his future effects, from the payment of any and all debts, dues and demands, of whatever nature, due and owing by him, previous to the day of the date of the commencement of said proceedings, to wit, previous to the 12th day of August 1815. The house of trade of Sloane & McMillan, of Liverpool, having failed, a commission of bankruptcy issued against both the partners, in England, on the 28th of September 1812, and on the 28th of November 1812, they both obtained certificates of discharge, signed by the commissioners, and sanctioned by the requisite proportion of creditors in number and value, and confirmed by the Lord Chancellor of Great Britain, according to the bankrupt laws of England.
 
 
 2
 On the 1st of July 1817, the present suit was instituted by McNeill, describing himself as a citizen of South Carolina, against McMillan, described as a citizen of Louisiana, in the district court of the United States for the district of Louisiana (having circuit court powers), to recover the sum of $700, which McNeill had paid, under the judgments on the customhouse-bonds, in South Carolina. To this suit, McMillan pleaded in bar his certificates under the Louisiana and English bankrupt laws; to which plea, the plaintiff below demurred, the defendant joined in demurrer, and the court gave judgment for the plaintiff; from which judgment, the cause was brought, by writ of error, to this court.
 
 
 3
 February 18th.
 
 
 4
 This cause was argued by C. J. Ingersoll, for the plaintiff in error, no counsel appearing for the defendant in error. He contended, 1. That this case was distinguishable from the preceding case of Sturges v. Crowninshield, because the state law, under which the insolvent obtained his discharge, was passed long before the contract was made, and therefore, it could not be said to impair the obligation of a contract not then in existence.
 
 
 5
 2. That although the contract was made in Sonth Carolina, between parties who were at the time citizens of the state, yet the debtor having removed to Louisiana, and become a resident citizen of that state, and the creditor pursuing him thither, the local court had authority, under the local laws, to grant him a discharge, which might be effectual within the limits of the state, even if it had no extra-territorial operation. The discharge, being effectual in the courts of the state where it was obtained, would, of course, be equally effectual in the courts of the United States, sitting in that state, the laws of the state being made by the judiciary act of 1789, c. 20, § 34, rules of decision in the courts of the United States, in cases where they apply.
 
 
 6
 3. That the certificate of discharge under the English bankrupt laws, was a good plea in bar to the action.[2]
 
 
 7
 MARSHALL, Ch. J., delivered the opinion of the court, that this case was not distinguishable in principle from the preceding case of Sturges v. Crowninshield.
 
 
 8
 That the circumstance of the state law, under which the debt was attempted to be discharged, having been passed before the debt was contracted, made no difference in the application of the principle. And that as to the certificate under the English bankrupt laws, it had frequently been determined, and was well settled, that a discharge under a foreign law, was no bar to an action on a contract made in this country.
 
 
 9
 Judgment affirmed.
 
 
 
 [1]
 S. P. Green v. Sarmiento, Pet. C. C. 74; s. c. 3 W. C. C. 17.
 
 
 [2]
 He cited Ruth. Inst. b. 2, c. 5, § 3, c. 9, § 6; Huber. Praelec. lib. 1, tit. 3; Greenough v. Amory, 3 Dall. 370, note; James v. Allen, 1 Id. 188; Millar v. Hall, Id. 229. Thompson v. Young, Id. 294; Gorgerat v. McCarty, Id. 366; Donaldson v. Chambers, 2 Id. 100; Harris v. Mandeville, Id. 256; Emory v. Greenough, 3 Id. 369; Smith v. Brown, 4 Binn. 201; Boggs v. Teakle, 5 Id. 332; Hilliard v. Greenleaf, Id. 336, note; Van Raugh v. Van Arsdaln, 3 Caines 154; Smith v. Smith, 2 Johns. 235; Penniman v. Meigs, 9 Id. 325; Hicks v. Brown, 12 Id. 142; Hamersley v. Lambert, 2 Johns. Ch. 511; Blanchard v. Russell, 13 Mass. 1; Bradford v. Farrand, Id. 18; Walsh v. Farrand, Id. 19; Baker v. Wheaton, 5 Id. 509; Babcock v. Weston, 1 Gallis. 168; Van Reimsdyk v. Kane, Id. 371; Golden v. Prince, 3 W. C. C. 313; Adams v. Storey, 1 Paine 79; Farm. & Mech. Bank v. Smith, 3 S. & R. 63; Burrows v. Jemino, 2 Str. 733; Ballantine v. Golding, Coop. Bank. Law 347; Id. 362; Smith v. Buchanan, 1 East 6; Potter v. Brown, 5 Id. 124; Terasson's case, Coop. Bank Law, App'x, 30.