## WITT *vs.* FOLLETT.

THIS case distinctly presented the question, whether an insolvent discharge obtained in this state could be plead in bar of a suit brought in a court of this state on a contract made in another state, subsequent to the passage of the act under which the discharge was obtained, between parties not inhabitants of this state at the time of the contract, but who, previous to the presenting of the petition for the discharge, became such inhabitants. The question arose on demurrer.

The declaration contained a count on a promissory note, dated in 1816, and the common money counts. The defendant pleaded the general issue, and an *insolvent discharge* obtained in this state, granted in 1821, under the act for giving relief in cases of insolvency, passed in 1813. The plaintiff replied, that at the time of the promises, &c. the plaintiff was a citizen of New-Hampshire, and the defendant was a citizen of Vermont; that the promises were made in Vermont, and payment was there to be made. The defendant rejoined, that after the making of the promises, &c. and before the monies became due and payable, and previous to the presenting of the petition for discharge, the plaintiff and defendant both removed from their respective residences, and became inhabitants of the state of New-York, and have so continued. The plaintiff demurred.

*D. Buel, jun.,* for plaintiff, relied upon the cases of *McMillan* v. *McNiel,* (4 *Wheaton,* 209;) *Ogden* v. *Saunders,* (12 *Wheaton,* 213, 254, 255, 272, 293, 315, 333, 358;) and 16 *Johns. R.* 253; 1 *Cowen,* 316; 7 *Johns. C. R.* 313.

*C. F. Ingalls,* for defendant, contended that this case is distinguishable from the cases cited. The act under which the discharge was obtained was passed before the making of the contract; both parties to the contract were inhabitants of this state previous to the monies falling due, for the recovery of which the action is brought; the discharge was granted

*An insolvent discharge obtained in this state cannot be plead in bar of a suit brought in a court of this state, on a contract made in another state subsequent to the passage of the act under which the discharge is obtained, between parties not inhabitants of this state at the time of the contract, altho', previous to the presenting the petition for the discharge, they become such inhabitants.*

here, both parties residing here ; and the suit is brought here, both parties continuing to be inhabitants of the state. The plaintiff, therefore, from the bare fact of the contract having been made abroad, is not entitled to be placed in a better situation than the other creditors of the defendant who resided in this state.

*By the Court*, MARCY J. The decision of this case depends upon the validity of the defendant's discharge under the insolvent act. Discharges under state insolvent laws have been assailed, on the ground that they impair the obligation of contracts. The leading case calling in question the constitutionality of the insolvent laws of the states, is that of *Sturges* v. *Crowninshield*, (4 *Wheaton*, 122.) Though the language of the court in that case might admit of a broader application, both this court and the court of chancery of this state have considered it as going no farther than to declare the discharge inoperative upon a debt existing antecedent to the passing of the law under which the discharge was granted. (*Mather* v. *Bush*, 16 *Johns. R.* 233, and *Hicks* v. *Hotchkiss*, 7 *Johns. C. R.* 297.) The supreme judicial court of Massachusetts has viewed the decision of the U. S. court in the same light. (13 *Mass. Rep.* 16.) During the same term of the supreme court of the U. S. another important decision was made in relation to these insolvent laws. In the case of *McMillan* v. *McNiel*, (4 *Wheaton*, 209,) the court laid down principles that go far to declare all discharges under state insolvent laws void. Our courts have confined the application of this decision to cases precisely similar to that before the U. S. court. The debt in that case was contracted in South Carolina while the parties were residents of that state. The defendant afterwards obtained his discharge under the insolvent laws of Louisiana on a *cessio bonorum*. He was subsequently sued in that state on the contract made in South Carolina, and interposed his discharge obtained in Louisiana, and it was declared invalid. It appears to be impossible to distinguish in principle this case from that of *McMillan* v. *McNiel*. It is true that the suit in that case was prosecuted in the United States

court sitting in Louisiana, and this suit is in a court of the <span style="float:right">NEW-YORK,</span> state under whose authority the discharge was granted; but <span style="float:right">May, 1829.</span> this circumstance cannot vary the application of the princi- <span style="float:right">Clark</span> ple, because a United States court, sitting in a state, regards <span style="float:right">v.</span><br><span style="float:right">Fitch.</span> the laws of such state as the rules of its decision, unless such laws conflict with the constitution or laws of the union. (*Hicks* v. *Hotchkiss,* 7 *Johns. Ch. R.* 297.) In the case last cited, it is expressly decided by the chancellor that "the discharge of the defendants under the insolvent act of this state is not a bar, even in this state, to an action upon a contract made, or a debt contracted in Connecticut, between parties residing there at the time." "Valid discharges under an insolvent act must at all events be confined to cases of debts contracted after the passing of the act, and *which are contracted within this state.*" The same principle is recognized in the opinion of Sutherland, J. in the case of *Wyman* v. *Mitchell,* (1 *Cowen,* 316.) The debt in this case was not contracted in this state, but in Vermont, and before either party had become an inhabitant of New-York; and on the principle of the cases referred to, the discharge of the defendant cannot be interposed as a bar to the plaintiff's action.

Judgment for the plaintiff.