## Case No. 14,063.

### TITUS et al. v. HOBART.

[5 Mason, 378.] [1]

Circuit Court, D. Massachusetts. Oct Term, 1829.

INSOLVENCY—DISCHARGE—EFFECT OF IN ANOTHER STATE—REMEDIES—LEX FORI.

1. Where a contract is made between citizens of the same state, and the defendant is afterwards discharged under the insolvent act of such state from imprisonment, and his person is exempted from future imprisonment thereon; still, if the contract itself is not discharged, a general judgment will be entered against him upon a suit brought in another state, according to the lex fori.

[Cited in Towne v. Smith, Case No. 14,115.]

[Cited in Hochstadter v. Hays (Colo. Sup.) 17 Pac. 292.]

2. No state regards the forms or modes of remedies in other states to enforce contracts; but acts upon its own processes only.

[3. Cited in New England Screw Co. v. Bliven, Case No. 10,156, to the point that state statutes are rules of decision in the courts of the United States when they prescribe a law governing the right or title in litigation, but are not allowed to interfere with the processes or modes of procedure of the tribunals of the United States.]

Assumpsit on a promissory note, dated at New York on the 27th of September, 1827, whereby the defendant [Enoch Hobart] promised the plaintiffs, by their partnership name of Titus & Hicks, to pay them $568.85, in six months after date. The declaration also contained the usual money counts. The case came before the court, by the consent of parties, upon a question what judgment ought to be rendered upon the following facts. The note was given in New York by the defendant, then an inhabitant of New York, to the plaintiffs [William A. Titus and another], then merchants in New York. It was not paid when it fell due. On the 5th of April, 1828, the defendant took the benefit of the insolvent act of New York, and received his certificate from the recorder of the city of New York, whereby it was declared "that the person of the said insolvent shall be forever hereafter exempted from imprisonment for, or by reason of, any debt or debts due at the time of making the said assignment, or contracted for before that time, though payable afterwards, and if in prison from his imprisonment; and all sheriffs and other officers are authorized to cease from imprisoning hereafter the said insolvent on any writ, process, or execution, for any such debt or debts as aforesaid."

Mr. Ward, for defendant, contended, that the judgment and execution ought to go only against the goods and estate of the defendant, and he cited Hinkley v. Marean [Case No. 6,523]; [Ogden v. Saunders] 12 Wheat. [25 U. S.] 213; 5 Mass. 509; 10 Mass. 337.

Mr. Dunlap, for plaintiff, argued, that the judgment ought to be general, and he cited [James v. Allen] 1 Dall. [1 U. S.] 190, 191; Hinkley v. Marean [supra].

STORY, Circuit Justice. This case differs from that of Hinkley v. Marean [Case No. 6,523], in one circumstance only, and that is, that both of the parties were citizens of New York at the time of the discharge and certificate granted to the insolvent. There is no pretence to say, that the insolvent act of New York operates a discharge or dissolution of the contract. It purports to do no more than discharge the person from imprisonment for antecedent debts. Now, nothing is better settled, than that the effect of such a discharge is purely local. It is addressed to the courts of the state, under whose authority the exemption is allowed. But it has nothing to do with the process, proceedings, or judgments of the courts of other states; which are governed altogether by their own municipal jurisprudence. Whenever a remedy exists, it is administered according to the lex fori, and such judgment is given, as the laws of the state, where the suit is brought, authorize; and not such, as the laws of other states authorize. The distinction between the obligation of contracts, and the mode of applying remedies thereto, is well established. The former is universally recognized according to the law of the place, where the contract is made; the latter is bounded by the territorial limits, and is not of efficiency elsewhere. A general judgment therefore, according to our law, must be entered; and not such a judgment, as might be taken in New York under the insolvent act, even if it would be a judgment limited to the goods and estate of the insolvent. Judgment accordingly.