## JUDD *vs.* PORTER.

The *lex loci* applies only to the interpretation or validity of contracts; and not to the time, mode, or extent of the remedy.

Therefore a discharge under the insolvent laws of another State, of which both the parties were citizens, releasing the person from arrest, but not impairing the contract itself, cannot avail to affect any remedy pursued in this State.

THIS was an action of debt on a judgment recovered in the State of *New York;* and it came before the court upon a case stated by the parties, to this effect :—

Execution on the original judgment having been returned *nulla bona*, the defendant obtained, under the insolvent law of New York, passed in 1819, a regular discharge of his person from future imprisonment; both the parties being at that time, and at the time of making the original contract, citizens of that State.

In the present suit the defendant was arrested, and gave bail; and the question submitted to the court was, whether the discharge, obtained in *New York,* could operate to exempt his body from being arrested in this State for the same cause of action, the exception being duly taken in abatement.

*Greenleaf,* for the plaintiff, cited *Valkenburg v. Dederick,* 1 *Johns. Ca.* 133; *Cross v. Hobsen,* 2 *Caines* 102; *Desobry v. Morange,* 18 *Johns.* 336; *Palmer v. Hutchins,* 1 *Cowen* 42; *Le Roy v. Crowninshield,* 2 *Mason* 151, 179; *Pearsall v. Dwight,* 2 *Mass.* 84; *Dwight v. Clark,* 7 *Mass.* 51; *Hubbard v. Wentworth,* 3 *N. Hamp.* 43; *Blanchard v. Russell,* 13 *Mass.* 5; *Tappan v. Poor,* 15 *Mass.* 419; *Woodbridge v. Wright,* 3 *Conn.* 523; *Peck v. Hozier,* 14 *Johns.* 346; *White v. Canfield,* 7 *Johns.* 117; *Whittemore v. Adams,* 2 *Cowen* 626; *Smith v. Brown,* 3 *Bin.* 201; *Sturgis v. Crowninshield,* 4 *Wheat.* 200; *Nash v. Tupper,* 1 *Caines* 402; *Ruggles v. Keeler,* 3 *Johns.* 263; *Byrne v. Crowninshield,* 17 *Mass.* 55; *Baker v. Wheaton,* 5 *Mass.* 511.

*N. Emery, Fessenden & Deblois,* argued for the defendant, citing *Ballantine v. Goulding, Ambl.* 25; *Hunter v. Potts,* 4 *D. & E.* 185; *Potter v. Brown,* 5 *East,* 130; *Melan v. D. of Fitzjames,* 1 *B. & P.* 138; *Baker v. Wheaton,* 5 *Mass.* 509; *Watson v. Brown,* 10 *Mass.* 337; *Stevens v. Gaylord,* 11 *Mass.* 265; *Mather v. Bush,* 16 *Johns.* 250; *Miller v. Hall,* 1 *Dall.* 229; *Thompson v. Young, ib.* 294; 2 *Dall.* 200; *Harris v. Mandeville, ib.* 256; *Ogden v. Saunders,* 12 *Wheat.* 213; *Shaw v. Robbins, ib.* 337; 11 *Johns.* 433; *Smith v. Smith,* 2 *Johns.* 235; *Stra.* 733.

PARRIS J. delivered the opinion of the Court at the ensuing term in *Kennebec.*

The legal operation and effect of contracts are generally to be determined according to the laws of the State or country in which they are made and to be executed ; not however as an act of comity or courtesy, as intimated in some of the books, but upon the general principle that every contract is to be construed and carried into effect according to the intention of the parties thereto, and they are presumed to contract with reference to the laws of the place where they reside, unless a different construction is manifest from the instrument itself.

This law of the contract travels with it, wherever the parties thereto are to be found, and into whatever *forum* it is attempted to be executed.

So also as it respects the discharge of personal contracts ; they have been considered as subject to all the consequences attached to contracts of a similar nature by the laws of the country where they are made and to be executed, especially if all the contracting parties are domiciled in that country. 1 *Gall. Rep.* 375.

It is undoubtedly true, as resulting from these principles, that the discharge of a contract, or of a party from the obligations of a contract, by the bankrupt law of the country where the contract was made and the parties reside, is a discharge every where, and no action can be subsequently maintained to enforce such contract. By the operation of law it is as though it had never existed, or as if the debtor had fully cancelled his obligation by payment ; and the creditor is left without remedy either in the courts of his own or any other country ; for what would be a good discharge of his contract by the laws of the place where it was made and to be performed, would be good every where.

The contract under consideration, having been made in *New-York,* by parties resident there, our inquiry is, has any thing been done by which it has been discharged by the laws of that State ? We perceive nothing in the case affecting its validity. It has not been satisfied by a compliance with its provisions ; it has not been

discharged by any act of the defendant, or by the operation of law. He has complied with certain provisions of a statute of *New-York*, under and by virtue of which, his person is declared to be forever exempt from imprisonment for or by reason of any debt or debts due at the time of the assignment of his property under that statute.

But a discharge under this law does not operate as a release of the debt, as it would if it had been granted under the insolvent law of that State, of 1813. 2 *Wend.* 457 ; 3 *Wend.* 135 ; 6 *Conn.* 480 ; 8 *Pick.* 195.

It is merely a release from personal arrest, and is no bar to the action. 8 *Pick.* 187. In the language of the Supreme Court of Massachusetts, it can have no effect upon the judgment on the contract, or the form of execution in another State.` As imprisonment is no part of the contract, simply to release the prisoner does not impair its obligation. *Mason v. Haile*, 12 *Wheat.* 370 ; 4 *Wheat.* 201 ; 2 *Kent's Com.* 326.

No man can here be again imprisoned for the same debt, after having taken the benefit of our statute for the relief of poor debtors. His person is forever thereafter exempt from imprisonment, in this State, on that demand ; but it will not be contended that the demand is discharged. It will still remain in full force ; and to enforce its collection the proper remedial laws of the State, applicable to a contract thus situated, may be applied. And if the debtor remove to another State, the law of the contract will follow him, and may be executed by the remedial law of that State, without any restrictions growing out of the previous transaction. 3 *N. Hamp. Rep.* 43.

The laws of some of the States do not authorize the taking of real property on execution in payment of debts. Such is the law of *Virginia.* Suppose a debt contracted in that State, between citizens thereof, is put in suit here, the debtor having, subsequently to the contract, become domiciled in this State. Will it be contended that his real estate here would not be liable to be taken on execution for the payment of that demand ? Or, suppose a debtor, in a contract entered into here, where sundry articles of personal property are exempt from attachment and sale for the payment of debts, should remove to a State where the like personal property is liable. Could

Judd v. Porter.

he urge the *lex loci contractûs* as exempting that property from attachment and sale for the payment of such a debt ? Or if a contract, made in a State where the body of the debtor is not liable to imprisonment for debt, be enforced in a *forum* where imprisonment is authorized as a mode of compelling performance, would not the court, in entering up the judgment and issuing execution, be governed by the *lex fori* rather than the law of the place where the contract was made ? *De la Vega v. Vianna*, 1 *B. & Adol.* 284.

He who makes a contract stipulates to perform it. The obligation follows him wherever he goes. A mere change of domicil or of jurisdiction will not dissolve or modify it ; and the law of the place where he is found, and the *forum* into which he is brought will point out the mode and lend the power to enforce performance.

These principles, we think, are well supported by authority. In the notes on *Co. Litt.* by *Hargr. & Butl. Sect.* 104—97 *b.* it is said, the general rule is, that as to the construction, the *lex loci* is to govern ; but that the remedy must be pursued according to the *lex fori.* In *Melan v. The Duke of Fitz James*, 1 *Bos. & Pull.* 142, it was said by the court, "we all agree that in construing contracts we must be governed by the laws of the country in which they are made, for all the contracts have reference to such laws. But when we come to remedies it is another thing ; they must be pursued by the means, which the law points out where the party resides." The laws of the country where the contract was made can only have reference to the nature of the contract, not to the mode of enforcing it. Whoever comes into a country, voluntarily subjects himself to all the laws of that country, and therein to all the remedies directed by those laws, on his particular engagements. 1 *B. & Adol.* 284, before cited.

This we believe to be the law of *New York*, where this contract was made. Chancellor *Kent* says, " there is a difference taken in the cases between the construction and the execution of the contract. The *lex loci* has reference only to the nature and construction of the contract and its legal effect, and not to the mode of enforcing it. The remedy must be pursued by the means which the law points out where the party resides." 3 *Kent's Com.* 49. *Nash v. Tup-*

*per,* 1 *Caines' Rep.* 402 ; *Lodge v. Phelps,* 2 *Caines' Cas. in Error,* 321 ; see also *Titus v. Hobart,* 5 *Mason,* 378 ; *Green v. Sarmiento,* 3 *Wash. C. C. Rep.* 17 ; *Golden v. Prince, ibid.* 314.

This distinction is to be found in all the cases, that where the contract is discharged, either by a certificate of bankruptcy or otherwise, the body of the debtor is not thereafter liable to arrest, in any jurisdiction, for debts existing at the time of the bankruptcy ; for the contract being at an end, there remains nothing upon which the remedial laws of any government can operate. But where the body only of the debtor is discharged, leaving the contract unimpaired, the discharge is effectual only to the extent of the jurisdiction under which it was granted, and *extra territorium* has no efficacy.

*Judgment for the plaintiff.*