NATHANIEL BEAL *vs.* HENRY F. BURCHSTEAD.

A note dated and given in Massachusetts to a person residing here, by a person domiciled in another state at the date and at the maturity of the note, is barred by a discharge under the Massachusetts insolvent law, *St.* 1838, *c.* 163, duly obtained by the promisor, who removed here between the maturity of the note and the commencement of the suit.

ASSUMPSIT against one of the makers of a promissory note, of the following tenor: " Lynn, Oct. 15, 1842. Six months after date, we promise to pay Nathaniel Beal, or order, sixty-four dollars, for value received. Burchstead & Richardson."

The note was made at Lynn, Massachusetts, and there delivered to the plaintiff, who then, and ever since, has resided at that place. The defendant at that time, and at the time of the maturity of the note, resided in the state of Ohio, but in 1843 removed to Massachusetts, and resided here at the commencement of the action, viz. June 9, 1848. Subsequent to his removal to this commonwealth, and before this suit was commenced, the defendant was duly discharged from his debts, under the insolvent law of Massachusetts, *St.* 1838, *c.* 163, and the only question involved was, whether the present claim is thereby discharged. It was submitted to the court of common pleas, before *Wells*, C. J. at the September term, 1849, on an agreed statement of facts, and judgment was given for the defendant. The plaintiff appealed to this court. It was argued and determined at the November term, 1851.

*T. B. Newhall*, for the plaintiff.

*J. C. Stickney*, for the defendant.

SHAW, C. J. The question here is on the validity of the discharge of the defendant under the insolvent laws of Massachusetts. The note was made and dated in Lynn, payable to the plaintiff, or his order, in six months. No place of payment was expressed. At the time this note was given, the plaintiff had, and ever since has had, his domicil in Lynn. The defendant, when he signed the note, was a citizen of Ohio, but subsequently removed to Massachusetts, and had his domicil here before and at the time of the commencement of proceedings in insolvency.

There being no place of payment expressed, it was the duty of the defendant to pay the note to the plaintiff at the place of his domicil. It was, therefore, a contract made in Massachusetts, to be performed here. The proceedings in insolvency were rightly commenced and prosecuted here, because previously to, and at the time of their commencement, the insolvent had become a citizen of this state. Under these circumstances, the court are of opinion that the discharge was valid, and constitutes a good bar to the plaintiff's demand. *Savoye* v. *Marsh*, 10 Met. 594.

By the terms of the insolvent law, (*St.* 1838, *c.* 163, § 6,) by the certificate, rightfully granted, " the debtor shall be discharged from all his debts, founded on any contract made by him after this act shall go into operation, if made within this commonwealth, or to be performed within the same, and from all debts, &c. due to any persons who shall be resident within this commonwealth at the time of the first publication."

The reason why a state insolvent law, broad enough in its terms, cannot operate as a discharge of all contracts is, that it would impair the obligation of contracts, inasmuch as the mode in which a contract may be performed and discharged affects the nature of the contract, and not the remedy only.

But a law, existing at the time the contract is made, and operative at the place where it is made, enters into and modifies the contract itself, and is a law binding upon the party claiming under such contract, namely, a citizen of the state making the law, and is not obnoxious to these objections, and therefore operating on such a contract and as agent for a party so bound, the discharge is effectual. The present case meets all these conditions. It was a contract made here, to be performed here, and is discharged here, by a law binding on the plaintiff as a citizen of Massachusetts. *Betts* v. *Bagley*, 12 Pick. 572. The case of *Agnew* v. *Platt*, 15 Pick. 417, was decided on the ground that the defendant was not an inhabitant or citizen of New York, and had no right to avail himself of the state insolvent law of that state.

The case of *Witt* v. *Follett*, 2 Wend. 457, was decided on the ground that the insolvent discharge, obtained in New York, was no bar to a suit on a contract made in another state between parties not inhabitants of the state where the contract was made, although they act in good faith. The case of *Fiske* v. *Foster*, 10 Met. 597, was that of a contract made in Maine, with a citizen of Maine, and it was held not to be discharged under the insolvent laws of Massachusetts.

*Judgment for the defendant.*