Mr. Justice CLIFFORD,
after stating the case, delivered the opinion of the court:
Contract was made in Boston and was to be performed at the place where it was made, and upon that ground it is contended by the defendant that the certificate of discharge is a complete bar to the action. But the case shows that the plaintiff was a citizen of Vermont, and inasmuch as he did not prove his debt against the defendant’s estate in insolvency, nor in any manner become a party to those proceedings, he insists that the certificate of discharge is a matter inter alios, and wholly insufficient to support the defence.
Adopting the views of the court in Scribner et al. v. Fisher, 2 Gray, 43, the defendant concedes that the law is so, as between citizens of different- States, except in cases where it appears by the terms of the contract that it was made and must be performed in the State enacting such insolvent law. Where the contract was made and is by its terms to be performed in the State in which the certificate of discharge was obtained, the argument is, that the discharge is entirely consistent with the contract, and that the certificate operates as a bar to the right of recovery everywhere, irrespective of the citizenship of the promisee. Plaintiff- admits that a majority *228 of the Supreme Court of Massachusetts, in the case referred to, attempted to maintain that distinction, but he insists that it is without any foundation in principle, and that the decisions of this court in analogous cases are directly the other way.
Controversies involving the constitutional effect and operartion of State insolvent laws have frequently been under consideration in this court, and unless it be claimed that constitutional questions must always remain open, it must be conceded, we think, that there are some things connected with the general subject that ought to be regarded as settled and forever closed.
State legislatures have authority to pass a bankrupt or insolvent law, provided there be no act of Congress in force establishing a uniform system of bankruptcy, conflicting with such law; and, provided the law itself be so framed that it does not impair the obligation of contracts. Such was the decision of this court in Sturges v. Crowninshield, 4 Wheat., 122, and the authority of that decision has never been successfully questioned. Suit was brought in that case against the defendant as the maker of two promissory notes. They were both dated at New York, on the 22d day of March, 1811, and the defendant pleaded his discharge under an act for the benefit of insolvent debtors and their creditors, passed by the legislature of New York subsequently to the date of the notes in controversy. Contracts in that case, it will be observed, were made prior to the passage of the law, and the court held, for that reason, that the law, or that feature of it, was unconstitutional and void, as impairing the obligation of contracts within the meaning of the Constitution of the United States. Suggestion is made that the ruling of the court in the case of McMillan v. McNeill, 4 Wheat., 209, decided at the same term, asserts a different doctrine, but we think not, if the facts of the case are properly understood.
Recurring to the statement of the case, it appears that the contract was made in Charleston, in the State of South Carolina, and it is true that both parties resided there at the time *229 the contract was made, but the defendant subsequently removed to New Orleans, in the State of Louisiana, and it was in the latter State where he obtained the certificate of discharge from his debts. He was also one of a firm doing business in Liverpool, and a commission of bankruptcy had been issued there, both against him and his partner, and they respectively obtained certificates of discharge. Suit- was brought in the District Court for the District of Louisiana, and the defendant pleaded those certificates of discharge in bar of the action, and the plaintiff demurred to the plea. Under that state of the case and of the pleadings, the court held that the certificate of discharge obtained in the State of Louisiana, was no defence to the suit, and very properly remarked that the circumstance that the State law was passed before the debt was contracted made no difference in the application of the principle. Bearing in mind that the plaintiff was a citizen of South Carolina, and that the contract was made there, it is obvious that the remark of the court is entirely consistent with the decision in the former case.
Secondly, the court also held that a discharge under a foreign bankrupt law was no bar to an action in the courts of the United States, on a contract made in this country. Speaking of that case, Mr. Justice Johnson afterwards remarked that it decided nothing more than that insolvent laws have no extra-territorial operation upon the contracts of other States, and that the anterior or posterior character of the law with reference to the date of the contract makes no difference in the application of that principle. Eight years later the question, in all its phases, -was again presented to this court, in the case of Ogden v. Saunders, 12 Wheat., 213, and was vei-y fully examined.
Three principal points were ruled by the court. Eirst, the court held that the power of Congress to establish uniform laws on the subject of bankruptcies throughout the United States did not exclude the right of the States to legislate on the same subject, except when the power had actually been exercised by Congress, and the State laws conflicted with those of Congress. Secondly, that a bankrupt or insolvent *230 law of any State which discharges hoth the person of the debtor and his future acquisitions of property, was not a law impairing the obligation of contracts so far as respects debts contracted subsequent to the passage of such law. . Thirdly, but that a certificate of discharge under such a law cannot be pleaded in bar of an action brought by a citizen of another State in the courts of the United States, or of any other State than that where the discharge was obtained. Much diversity of opinion, it must be admitted, existed among the members of the court on that occasion, but it is clear that the conclusions to which the majority came were in precise accordance with what had been substantially determined in the two earlier cases to which reference has been made. Misapprehension existed, it seems, for a time, whether the second opinion delivered by Mr. Justice Johnson in that case was, in point of fact, the opinion of a majority of the court, but it is difficult to see any ground for any such doubt. Referring to the opinion, it will be seen that he states explicitly that he is instructed to dispose of the cause, and he goes on to explain that the majority on the occasion is not the same as that which determined the general question previously considered. Ample authority exists for regarding that opinion as the opinion of the court, independently of what appears in the published report of the case. When the subsequent case of Boyle v. Zacharie et al., 6 Pet., 348, was first called for argument, inquiry was made of the court whether the opinion in question was adopted by the other judges who concurred in the judgment of the court. To which Marshall, C.'J., replied, that the judges who were in the minority of the court upon the general question concurred in that opinion, and that whatever principles were established in that opinion were to be considered no longer open for controversy, but the settled law of the court. Judge Story delivered the unanimous opinion of the court in that case during the same session, and in the course of the opinion he repeated the explanations previously given by the chief justice. Boyle v. Zacharie et al., 6 Pet., 643. Explanations to the same effect were also made by the present chief justice in the case of *231 Cook v. Moffat et al., 5 How., 310, which had been ruled by him at the circuit. He had ruled the case in the court below, in obedience to what he understood to be the settled doctrine of the court, and a majority of the court affirmed the judgment. Acquiescing in that judgment as a correct exposition of the law of the court, he nevertheless thought it proper to restate the individual opinion which he entertained upon, the subject, but before doing so, he gave a clear and satisfactory exposition of what had previously been decided by the court. Those remarks confirm what had at a much earlier period been fully explained by the former Chief Justice and his learned associate. Taken together, these several explanations ought to be regarded as final and conclusive. Assuming that to be so, then, it was settled by this court, in that case, — 1. That the power given to the United States to pass bankrupt laws is not exclusive. 2. That the fair and ordinary exercise of that power by the States does not necessarily involve a violation of the obligation of contracts, multo fortiori of posterior contracts. 3. But when in the exercise of that power the States pass beyond their own limits and the rights of their own citizens, and act upon the rights of citizens of other States, there arises a conflict of sovereign power and a collision with the judicial powers granted to the United States, which renders the exercise of such a power incompatible with the rights of other States, and with the Constitution of the United States. Saunders, a citizen of Kentucky, brought suit in that case against Ogden, who was a citizen of Louisiana at the time the suit was brought. Plaintiff declared upon certain bills of exchange drawn by one Jordan, at Lexington, in the State of Kentucky, upon Ogden, the defendant, in the city of New York, where he then resided. He was then a citizen of the State of New York, and the ease shows that he accepted the bills of exchange at the city of New York, and that they were subsequently protested for non-payment.'
Defendant pleaded his discharge under the insolvent law of New York, passed px-ior to the date of the eoxxtx’act.- Evi-. dently, therefore, the question presented was, whether a dis *232 charge of a debtor under a State insolvent law was valid as against a creditor or citizen of another State, who had not subjected himself to the State laws otherwise than by the origin of the contract, and the decision in express terms was, that such a proceeding was “ incompetent to discharge a debt due a citizen of another State.” Whenever the question has been presented to this court since that opinion was pronounced, the answer has uniformly been that the question depended upon citizenship. Such were the views of the court in Suydam et al. v. Broadnax et al., 14 Pet., 75, where it was expressly held that a certificate of discharge cannot be pleaded in bar of an action brought by a citizen of another State in the courts of the United States, or of any other State than that where the discharge was obtained. Undoubtedly a State may pass a bankrupt or insolvent law under the conditions before mentioned, and such a law is operative and binding upon the' citizens of the State, but we repeat what the court said in Cook v. Moffat et al., 5 How., 308, that such laws “ can have no effect on contracts made before their enactment, or beyond their territory.” Judge Story says, m the ease of Springer v. Foster et al., 2 Story, C. C., 387, that the settled doctrine of the Supreme Court is, that no State insolvent laws can discharge the obligation of any contract made in the State, except such contracts as are made between citizens of that State. He refers to the ease of Ogden v. Saunders to support the proposition, and remarks, without qualification, that the doctrine of that case was subsequently affirmed in Boyle v. Zacharie, where there was no division of opinion. In the last-mentioned case he gave the opinion of the court, and he there expressed substantially the same views. Confirmation of the fact that such was his opinion may be tound both in his Commentaries on the Constitution and in his treatise entitled Conflict of Laws. His view as to the result of the various decisions of this court is, that they establish the following propositions: 1. That State insolvent laws may apply to all contracts within the State between citizens of the State. 2. That they do not apply to contracts made within the State between a citizen of the *233 State and a citizen of another State.. 3. That they do not apply to contracts not made within the State: 2 Story on Const., sec. 1390 (3d edition), p. 281; Story on Confl. L., sec. 341, p. 573.
Chancellor Kent also says that the discharge under a State law is not effectual as against a citizen of another State who did not make himself a party to the proceedings under the law. 2 Kent Com. (9th ed.), p. 503. All of the State courts, or nearly all, except the Supreme Court of Massachusetts, have adopted the same view of the subject, and that court has recently held that a certificate of discharge in insolvency is no bar to an action by a foreign corporation against the payee of a note, who indorsed it to the corporation in blank before its maturity, although the note itself was executed and made payable in that State by a citizen of the State. Repeated decisions have been made in that court, which seem to support the same doctrine. Savoye v. Marsh, 10 Met., 594; Braynard v. Marshall, 8 Pick., 196. But a majority of the court held, in Scribner et al. v. Fisher, 2 Gray, 43, that if the contract was to be performed in the State where the discharge was obtained, it was a good defence to an action on the contract, although the plaintiff was a citizen of another State and had not in any manner become a party to the proceedings. Irrespective of authority it would be difficult if not impossible to sanction that doctrine. Insolvent systems of every kind partake of the character of a judicial investigation. Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified. Common justice requires that no man shall be condemned in his person or property without notice and an opportunity to make his defence. Nations et al. v. Johnson et al., 24 How., 203; Boswell’s Lessee v. Otis et al., 9 How., 350; Oakley v. Aspinwall, 4 Comst., 514.
Regarded merely in the light of principle, therefore, the rule is one which could hardly be defended, as it is quite evident that the courts of one State would have no power to require the citizens of other States to become parties to any such proceeding. Suydam et al. v. Broadnax et al., 14 *234 Pet., 75. But it is unnecessary to pursue the inquiry, as the decisions of this court are directly the other way; and so are most of the decisions of the State courts. Donnelly v. Corbett, 3 Seld., 500; Poe v. Duck, 5 Md., 1; Anderson v. Wheeler, 25 Conn., 607; Fetch v. Bugbee et al., 48 Me., 9; Demerrit v. Exchange Bank, 10 Law Rep. (N. S.), 606; Woodhull v. Wagner, Bald., C. C., 300.
Insolvent laws of one State cannot discharge the contracts of citizens of other States, because they have no extra-territorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other State voluntarily becomes a party to the proceeding, has no jurisdiction in the case. Legal notice cannot be given, and consequently there can be no obligation to appear, and of course there.can be no legal default. The judgment of the Circuit Court is therefore affirmed with costs.
Judgment accordingly.